**1018**

■ IRVING LEPASTAT, Appellant, v. HARRIET LEPASTAT, Respondent.— Judgment and orders unanimously affirmed, with costs to the respondent. No opinion. Concur — Peck, P. J., Breitel, Botein, Frank and Valente, JJ.

■ SAMUEL J. GATES, Respondent, v. ASSOCIATED WARSHAUER SOCIETY FOR THE AGED, INC., Appellant.— Judgment unanimously reversed and complaint dismissed. The evidence fails to establish any negligence on the part of the defendant. The complaint should have been dismissed at the close of the plaintiff's case. We note in passing that the decision of the trial court does not meet the requirements of section 440 of the Civil Practice Act. Settle order. Concur — Peck, P. J., Breitel, Botein, Frank and Valente, JJ.

■ HAMILTON ASSETS CORP., Respondent, v. PENNSYLVANIA EXCHANGE BANK, Appellant.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Peck, P. J., Breitel, Botein and Valente, JJ.

■ In the Matter of LAWYERS CO-OPERATIVE PUBLISHING COMPANY, Petitioner, against COMPTROLLER OF THE CITY OF NEW YORK, Respondent.— Determination unanimously confirmed and the petition dismissed, with $20 costs and disbursements to the respondent. This is a proceeding in which the petitioner seeks a refund of the moneys collected voluntarily by it. Inasmuch as the city is entitled to the moneys voluntarily collected for it by the petitioner, whether by way of sales tax or use tax, the latter is not entitled to a refund and it becomes unnecessary to pass on the question whether the city is authorized to impose its sales tax on the petitioner's sales in the circumstances disclosed by this record. Concur — Botein, J. P., Rabin, Valente and McNally, JJ.

■ RUTH J. GORHAM, Appellant-Respondent, v. SAMUEL GORHAM, Respondent-Appellant.— Judgment unanimously affirmed. No opinion. Concur — Breitel, J. P., Botein, Rabin and Valente, JJ.

■ In the Matter of WILLIE H. MAYS, JR., Suing on Behalf of Himself as a Stockholder of WILLMONT LIQUORS, INC. and on Behalf of WILLMONT LIQUORS, INC., Appellant, against STATE LIQUOR AUTHORITY et al., Respondents. — Order unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. Concur — Botein, J. P., Rabin, Valente and McNally, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN FORSYTH, Appellant.— Order unanimously affirmed. Even if we credit petitioner's allegations, there was a period of three days from October 7, 1947, the date of revocation of the initial sentence, to October 10, 1947, the date of the final sentence, throughout which period petitioner and his counsel knew that the New York City Reformatory sentence allegedly agreed upon could not be imposed. During that time the petitioner, then represented by experienced counsel, had ample opportunity to call to the court's attention the alleged promise and to move for leave to withdraw his plea of guilty or to make any other appropriate objection to the imposition of sentence. Any adverse ruling or determination thereupon made would have been reviewable on appeal. The appellant having failed to raise the question before or at the time of sentence, he cannot now allege it as a basis for a writ of error *coram nobis*. Concur — Peck, P. J., Botein, Rabin, Valente, and McNally, JJ.

■ In the Matter of NEW YORK CENTRAL RAILROAD COMPANY, Respondent-Appellant, against TAX COMMISSION OF THE CITY OF NEW YORK, Appellant-Respondent.— Final order unanimously affirmed. No opinion. Concur — Botein, J. P., Rabin, Valente and McNally, JJ.